UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TAK LUN NG,

          Plaintiff,

    v.

UNITED FINANCIAL CASUALTY
COMPANY,

          Defendant.

Case No.  26-cv-03136-LJC

**ORDER TO SHOW CAUSE WHY
CASE SHOULD NOT BE DISMISSED
WITHOUT LEAVE TO AMEND**

## I.    INTRODUCTION

Plaintiff Tak Lun Ng, pro se, brings this case against Defendant United Financial Casualty Company, erroneously sued as Progressive Insurance.  Defendant removed the case from state court and now moves to dismiss.  Because dismissal appears to be warranted, but for reasons extending beyond the arguments presented in Defendant's Motion, Plaintiff is ORDERED TO SHOW CAUSE why this case should not be DISMISSED without leave to amend.  No later than July 21, 2026, Plaintiff must file either: (1) a response to this Order explaining why Plaintiff's existing Complaint should be allowed to proceed; or (2) an amended complaint that cures the defects identified in this Order.  If Plaintiff fails to file a response or amended complaint by that deadline, or fails to resolve the defects identified herein, this case will be dismissed.[1]

The Court finds the matter suitable for resolution without oral argument at this time and VACATES the hearing previously set for June 30, 2026.

---

[1] The parties have consented to the jurisdiction of a magistrate judge for all purposes under 28 U.S.C. § 636(c).

## II.    BACKGROUND

### A.    Allegations of the Complaint

Plaintiff originally filed this case in the California Superior Court for Alameda County on November 14, 2025. *See* ECF No. 1-1 at 4. Plaintiff checked boxes in his form Complaint indicating that he is asserting claims for breach of contract and the following additional claims: "Fraud false statement of Police Report on March 2, 2021, traffic accidents medical expenses, personal injury and loss of wages, and compensation for damage to my vehicle, all damage loss." ECF No. 1-1 at 5, ¶¶ 8, 9. He seeks damages totaling at least $898,896.56. *Id.* at 5–6, ¶¶ 10, 14. He attached separate pages with forms for the following claims, where he wrote the words "Fraud false" before each cause of action: (1) "General Negligence," *id.* at 8; (2) "Intentional Tort," *id.* at 9; (3) "Premises Liability," *id.* at 10; and (4) "Products Liability," *id.* at 11.

In the first of those separately stated claims, for "General Negligence," Plaintiff indicated that the event in question was a car accident on March 2, 2021 at 10:30 PM. ECF No. 1-1 at 8. Plaintiff described the "reasons for liability" as follows:

> Fraud False case claim number: 21-8814599, and Loss Date March 2, 2021, Document Date March 24, 2021. We have completed the liability investigation for your claim resulting from an incident on March 2, 2021. Based on the available facts, we have determined that our insured is not liable for your damages. As a result, we will be unable to make any payment to you at this time.

> The motive was to return information related to the violation of the insurance law and failed at an important moment false fraud and demanded that the plaintiff paid $38,503 in insurance coverage.

> The purpose of the purpose of the reasonable object of the action fraud panic, distortion of the police report, suppression of overwhelming evidence, and proof. See photo

ECF No. 1-1 at 8.

Plaintiffs' narrative descriptions of the other claims are generally similar, and they go on to assert that the other party to the car accident, Raymond Hunt, "is guilty of a crime and may be subject to fines and confinement in state prison." *See id.* at 9–11. (Defendant was apparently Hunt's insurer.) Plaintiffs "Premises Liability" and "Products Liability" claims notably assert that something occurred on April 26, 2024, though it is not clear what. *Id.* at 10–11.

**B.      Procedural History and Arguments on Defendant's Motion to Dismiss**

Defendant removed the case to this Court based on diversity jurisdiction on April 13, 2026.[2]  Defendant now moves to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, on two grounds: (1) a plaintiff cannot sue an adversary's insurer under California law without first obtaining a final judgment against the adversary, which Plaintiff here has not done, ECF No. 8-1 at 4; and (2) all of Plaintiff's claims are time-barred because Plaintiff filed this case outside of any applicable statute of limitations running from the March 2, 2021 car accident or Defendant's March 24, 2021 refusal to pay him money, *id.* at 5.

Plaintiff's opposition brief is difficult to follow.  *See generally* ECF No. 11.  It begins by asserting that Raymond Hunt and Samantha Hunt (who are not parties to this case) were "responsible," and discusses Plaintiff's insurance policy from AAA (also not a party to this case). *Id.* at 2.  Portions of the opposition brief appear to quote, imperfectly, other documents that Plaintiff received, without clear indication of when it is doing so.  *See, e.g.*, *id.* ("pease [sic] indicate, by checking the appropriate box on the enclosed form, whether you authorize csaa insurance exchange to disclosure yuor [sic] policy limits information . . . .").

Under a heading of "standard statute of limitations alleged," Plaintiff discusses another lawsuit previously filed by Xin Yu Wu (apparently Plaintiff's wife, *see* ECF No. 8-2, ¶ 4),[3] and argues that Plaintiff was not at fault in the March 2021 car accident.  *Id.* at 3–4.  Again, the brief sometimes appears to copy text from other unidentified documents, or otherwise address matters not obviously relevant to this case or supportive of Plaintiff's position.  *See, e.g.*, *id.* at 4–5 ("plaintiffs [sic] amended complaint does not state facts sufficient to constitute a cause of action

---

[2] Plaintiff is a citizen of California, while Defendant is a citizen of Ohio.  *See* ECF No. 1, ¶ 3. Plaintiff's demand for $898,896.56 exceeds the $75,000 amount-in-controversy threshold required under 28 U.S.C. § 1332(a).

[3] Xin Yu Wu previously initiated other litigation related to the same car accident in state court, which the Superior Court dismissed because she had been declared a vexatious litigant and failed to obtain the necessary permission to proceed with that action.  *See* ECF No. 8-3 at 18 (Superior Court order properly subject to judicial notice).  Defendant asserts that Xin Yu Wu's filings in that case include the same handwriting as Plaintiff's filings here.  ECF No. 8-1 at 3.  At least some similarity is apparent.  *See* ECF No. 8-3 at 4–16.  The Court need not and does not resolve at this time whether the two cases were filed by the same person, or whether there might be circumstances in which it could be appropriate for one spouse to write out another spouse's complaint.

3

that cause of action alleged in the amende [sic] complaint are barred by the provisions of section 335,1 [sic] of the code of civil of civil [sic] procedure."); *id.* at 5–6 ("fourth, you allege intentional infliction of mental distress in clause 8, I thaink [sic] you are alleging intention of mental distress, which is not only an improper part of the relief sought, but you claim there are no facts to support this allegation . . . ."). Plaintiff's brief then lists several affirmative defenses (which would generally be raised by a defendant in an answer, not a plaintiff opposing dismissal), *id.* at 6–7, followed by further discussion of the car accident and Plaintiff's or his wife's alleged damages, *id.* at 7–11. The brief concludes by discussing a previous lawsuit filed either by or against Plaintiff's wife. *Id.* at 11–12. Plaintiff filed a declaration that is not responsive in any discernable way to the arguments presented in Defendant's Motion to Dismiss. *See generally* ECF No. 11-1.

Plaintiff also submitted a 434-page filing captioned "Medical Expense receipt for car accident on 3-2-2021," consisting of a compilation of various documents related to the car accident and previous litigation. ECF No. 13. The Clerk sealed that document sua sponte to protect Plaintiff's confidential medical information, and the Court declines to consider it when Plaintiff's opposition brief failed to cite or discuss any of the voluminous evidence that Plaintiff submitted. *See, e.g.*, *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) (holding in the context of a motion for summary judgment that a party must "identify with reasonable particularity" evidence in the record on which it relies, and that a court is not required to "scour the record" for evidence that might support that party's position).

Defendant argues in its reply brief that Plaintiff's opposition did not address the issues raised in the Motion to Dismiss, and that it instead improperly seeks to relitigate the dismissal of Plaintiff's wife's previous lawsuit. *See generally* ECF No. 14.

### C.    Plaintiff's Post-Reply Filings

Following Defendant's reply, Plaintiff filed a slew of other documents: a "Notice of reply motion to dismiss demurrer," ECF No. 15; a "reply in support to dismiss demurrer," ECF No. 16; a document with no title that begins with the phrase "Proof oaths, lies, fabricated statements, police reports, violations of rights . . . ," ECF No. 17; a second declaration by Plaintiff, ECF No. 18; an ex parte application to shorten time for a motion for terminating sanctions and motion for

United States District Court
Northern District of California

4

judgment on the pleadings, ECF No. 22;[4] a document titled "car accident photo and CSAA insurance document," ECF No. 23; a third declaration by Plaintiff, ECF No. 24; and a fourth declaration by Plaintiff, ECF No. 25.

To the extent those filings were submitted in relation to the Motion to Dismiss, the Court disregards them as unauthorized.  Under this Court's local rules, "[o]nce a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval," subject to certain exceptions not applicable here.  Civ. L.R. 7-3(d).  Based on a preliminary review, it also does not appear that any of those documents—which are difficult to follow and at times appear to relate to or copy documents from previous litigation in state court—would save Plaintiff's Complaint from dismissal.  To the extent Plaintiff disagrees, Plaintiff may raise any relevant argument that the Court might have overlooked in response to this Order to Show Cause.

## III.    LEGAL STANDARD

A complaint may be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure "based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019) (citation and internal quotation marks omitted).  A complaint generally must include a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

A court reviewing a 12(b)(6) motion must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party."  *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir. 2007).  "Threadbare recitals of the elements of a cause of action . . . do not suffice," however, and a court need not credit "legal conclusions" or "mere conclusory statements."  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).  The allegations in the complaint "must be enough to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A complaint must demonstrate "facial plausibility" by pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at

[4] No motion for sanctions or motion for judgment on the pleadings has been filed.  This application to shorten time is therefore DENIED as moot.

United States District Court
Northern District of California

678.  When the complaint has been filed by a pro se plaintiff, a court must "construe the pleadings liberally and . . . afford the petitioner the benefit of any doubt."  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted).

If grounds for dismissal are apparent from the face of the complaint, a court may also dismiss the case sua sponte (meaning on the court's own initiative) under Rule 12(b)(6) of the Federal Rules of Civil Procedure, regardless of whether the defendant has moved for dismissal on that basis and regardless of whether a plaintiff is proceeding in forma pauperis. *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987).

A court's review under Rule 12(b)(6) is generally limited to the contents of a complaint, with the exception of materials incorporated by reference in a complaint or materials subject to judicial notice.  *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018).

Though not addressed by the parties' briefs, a stricter pleading standard applies to claims based on fraud.  Rule 9(b) of the Federal Rules of Civil Procedure requires that a party alleging fraud "must state with particularity the circumstances constituting fraud."  Fed. R. Civ. P. 9(b).

> Rule 9(b) demands that the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong. Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged. A party alleging fraud must set forth more than the neutral facts necessary to identify the transaction.

> Rule 9(b) serves three purposes: (1) to provide defendants with adequate notice to allow them to defend the charge and deter plaintiffs from the filing of complaints as a pretext for the discovery of unknown wrongs; (2) to protect those whose reputation would be harmed as a result of being subject to fraud charges; and (3) to prohibit plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis.

*Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124–25 (9th Cir. 2009) (cleaned up).

A court generally should not dismiss a complaint with prejudice under Rule 12(b)(6) unless it is clear the complaint cannot be saved by any amendment.  *See United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011).  That is particularly true for complaints brought by pro se plaintiffs.  *See Franklin v. Murphy*, 745 F.2d 1221, 1235 n.9 (9th Cir. 1984).

United States District Court
Northern District of California

"[L]eave to amend should be freely granted 'when justice so requires.'" *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting Fed. R. Civ. P. 15(a)).  Generally, leave to amend may be denied only if allowing the amendment would unduly prejudice the defendant, cause undue delay, or be futile, or if the plaintiff has acted in bad faith.  *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

## IV.   ANALYSIS

### A.   Defendants' Arguments

The arguments raised in Defendant's Motion to Dismiss—which Plaintiff has not addressed—are valid at least in part.  Under California law, a plaintiff cannot sue someone else's insurance carrier for harms caused by that person's conduct unless the plaintiff has first obtained a final judgment against that person.  After the plaintiff has obtained a final judgment against the insured person, the plaintiff "achiev[es] the status of a judgment creditor enjoying third party beneficiary status and rights under the policy." *Hughes v. Mid-Century Ins. Co.*, 38 Cal. App. 4th 1176, 1185 (1995).  Until then, however, the plaintiff cannot recover directly from someone else's insurer—even if the plaintiff has obtained a judgment against that person but it is still subject to appeal, and thus not yet "final" under state law. *Id.*  Here, Plaintiff has not alleged that he obtained a judgment, much less a final judgment, against the other person involved in the car accident, Raymond Hunt.  Plaintiff therefore cannot sue Defendant (Hunt's insurer) for damages arising from the car accident, even if Plaintiff is correct that Hunt was at fault.

Plaintiff also appears to have filed this case beyond any applicable statute of limitations running from the date of the car accident, which occurred more than four years before Plaintiff filed this case.  Under California law, a claim for fraud must be brought within three years after the plaintiff discovers the fraud.  Cal. Civ. Proc. Code § 338(d); *Diaz v. Wells Fargo Bank*, No. 15-cv-01150-HSG, 2015 WL 7180617, at *3 (N.D. Cal. Nov. 16, 2015).  A claim for bodily injury generally must be brought within two years of the injury.  Cal. Civ. Proc. Coode § 335.1.  A claim for damage to personal property (e.g., Plaintiff's vehicle) generally must be brought within three years of the damage.  Cal. Civ. Proc. Code § 338(c)(1).  At least absent some additional facts that might support tolling or otherwise excusing those statutes of limitations, Plaintiff cannot bring the

claims he has asserted here based on a car accident that occurred more than four years before he filed this case.

Those principles require dismissal of much of Plaintiff's case. At least based on the facts alleged, Plaintiff cannot sue Defendant for damages caused by Hunt's conduct, and Plaintiff also filed this case too late to sue Defendant for any conduct or damages occurring at or near the time of the car accident.

It is not clear, however, that those restrictions dispose of *all* of this case. Plaintiff's repeated assertions of fraud suggest that he may intend to sue Defendant for its own conduct, not merely as vicariously liable for Hunt's alleged role in causing the car accident. Such a claim would not be subject to the doctrine discussed in *Hughes*, 38 Cal. App. 4th at 1185, where a plaintiff must obtain final judgment against the person who is insured before suing their insurer for that person's conduct. As for the limitations period, Plaintiff's claims for "Premises Liability" and "Products Liability" seem to assert that *something* happened on April 26, 2024, less than two years before Plaintiff filed this action on November 14, 2025. *See* ECF No. 1-1 at 10–11; *see also id.* at 4 (date of filing). And because it is not clear on what facts Plaintiff bases any of his claims, the Court cannot say with confidence that all such claims are barred by the statute of limitations when the Complaint suggests that at least some relevant fact may have occurred within the applicable limitations periods.

### B.   Further Defects

Plaintiff's failure to specify *what* happened on April 26, 2024, or how it would support any claim, still likely warrants dismissal. Plaintiff has not alleged any facts to support a plausible claim against Defendant under any of the theories he asserts. Because that deficiency was not clearly raised in Defendant's Motion, which focused narrowly on the statute of limitations and need for a judgment against Defendant's insured, the Court will provide Plaintiff an opportunity to address it in response to this Order.

"The elements of a negligence claim and a premises liability claim are the same: a legal duty of care, breach of that duty, and proximate cause resulting in injury," with an additional requirement of "possession and control of property" where injury occurred for a premises liability

United States District Court
Northern District of California

case. *Kesner v. Superior Ct.*, 1 Cal. 5th 1132, 1158 (2016). Plaintiff's Complaint does not allege facts to show that Defendant owed him any duty of care or breached such a duty, nor that any injury occurred on property in Defendant's possession and control.

"Under California law, '[t]he elements of a strict products liability cause of action are a defect in the manufacture or design of the product or a failure to warn, causation, and injury.'" *State Farm Gen. Ins. Co. v. Gen. Elec. Co.*, 799 F. Supp. 3d 996, 1006 (C.D. Cal. 2025) (*Nelson v. Superior Ct.*, 144 Cal. App. 4th 689, 695 (2006)). "To recover under a products liability theory of negligence, a plaintiff must show that 'a defect [in a product] caused injury' and that the defect 'was due to the negligence of the defendant.'" *State Farm Gen. Ins. Co. v. Gen. Elec. Co.*, 799 F. Supp. 3d 996, 1003 (C.D. Cal. 2025) (quoting *Merrill v. Navegar, Inc.*, 26 Cal. 4th 465, 479 (2001)). Here, Plaintiff has not alleged the existence of any relevant product, much less any of the other elements of a products liability claim based on either negligence or strict liability.

"The elements of a California fraud claim are: (1) misrepresentation (false representation, concealment or nondisclosure); (2) knowledge of the falsity (or 'scienter'); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage." *Saldate v. Wilshire Credit Corp.*, 686 F. Supp. 2d 1051, 1063 (E.D. Cal. 2010) (citing *Lazar v. Superior Court,* 12 Cal. 4th 631, 638 (1996)). If Plaintiff wishes to pursue a claim for fraud, he must allege at least what false statement Defendant told him, facts supporting an inference that Defendant knew that statement was false and intended for Plaintiff to rely on it, facts to show that Plaintiff justifiably relied on the false statement, and facts showing how that reliance harmed Plaintiff. Further, as discussed above, Plaintiff must allege that he discovered the fraud no more than three years before he filed this case. Plaintiff has not alleged facts supporting any of those elements in his current Complaint.[5]

---

[5] Plaintiff also checked a box to assert a claim for breach of contract, ECF No. 1-1 at 5, but his Complaint did not address that claim further. "Under California law, a claim for breach of contract includes four elements: that a contract exists between the parties, that the plaintiff performed his contractual duties or was excused from nonperformance, that the defendant breached those contractual duties, and that plaintiff's damages were a result of the breach." *Boland, Inc. v. Rolf C. Hagen (USA) Corp.*, 685 F. Supp. 2d 1094, 1101 (E.D. Cal. 2010). Plaintiff has not alleged facts to support the elements of that claim.

United States District Court
Northern District of California

Plaintiff is therefore ORDERED TO SHOW CAUSE why his Complaint should not be dismissed under Rule 12(b)(6) for failure to state a claim on which relief may be granted. Plaintiff must file no later than July 21, 2026 either: (1) a response to this Order explaining why his current Complaint should be allowed to proceed; or (2) an amended complaint that resolves the problems identified above. Because an amended complaint completely replaces the original complaint, Plaintiff must include in it all the allegations he wishes to present, and may not rely on or incorporate material from his original complaint by reference. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

## V.    CONCLUSION

For the reasons discussed above, Plaintiff is ORDERED TO SHOW CAUSE why this case should not be dismissed, by filing either a response to this Order or an amended complaint no later than July 21, 2026. If Plaintiff fails to respond by that date or to cure the defects identified in this Order, this case may be dismissed with prejudice.

As noted above, the hearing previously set for June 30, 2026 is VACATED.

**IT IS SO ORDERED.**

Dated: June 24, 2026

LISA J. CISNEROS
United States Magistrate Judge