UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TAK LUN NG,

Plaintiff,

v.

UNITED FINANCIAL CASUALTY COMPANY,

Defendant.

Case No. 26-cv-03136-LJC

**ORDER DISMISSING CASE**

## I. INTRODUCTION

Plaintiff Tak Lun Ng, pro se, appears to assert claims for breach of contract, fraud, negligence, premises liability, product liability, and perhaps other theories, all arising from a car accident and Defendant United Financial Casualty Company's refusal to pay him money. *See* ECF No. 26 at 2 (discussing ECF No. 1-1 at 5–11). Defendant United Financial Casualty Company moved to dismiss, and the Court previously ordered Plaintiff to show cause why the case should not be dismissed on additional grounds. Plaintiff did not respond to that Order to Show Cause by the deadline stated therein but filed a number of documents since then, which the Court has considered. For the reasons discussed below, this case is DISMISSED for failure to state a claim on which relief may be granted, without leave to amend.

## II. BACKGROUND

Plaintiff filed this action in state court. Defendant removed to this Court and moves to dismiss. *See* ECF No. 1 (Notice of Removal); ECF No. 8 (Mot. to Dismiss). Defendant argues essentially that "(1) a plaintiff cannot sue an adversary's insurer under California law without first obtaining a final judgment against the adversary, which Plaintiff here has not done, ECF No. 8-1 at 4; and (2) all of Plaintiff's claims are time-barred because Plaintiff filed this case outside of any

United States District Court
Northern District of California

applicable statute of limitations running from the March 2, 2021 car accident or Defendant's March 24, 2021 refusal to pay him money." ECF No. 26 at 3 (citing ECF No. 8 at 5). Plaintiff did not present coherent arguments in response. *Id.* at 3–5 (addressing ECF Nos. 11, 11-1, 13, 15, 16, 17, 22, 23, 24, 25).

On June 24, 2026, the Court issued an Order to Show Cause why this case should not be dismissed for the reasons addressed in Defendant's Motion, *id.* at 7–8, and also for Plaintiff's failure to provide the necessary factual allegations to support any of the claims that he asserts, *id.* at 8–10. The Court ordered Plaintiff to file either an amended complaint or a response explaining why his original Complaint should be permitted to proceed no later than July 21, 2026. *Id.* at 10. The Court advised Plaintiff that if he "fail[ed] to respond by that date or to cure the defects identified in [that] Order, this case may be dismissed with prejudice." *Id.*

Plaintiff did not file anything by that deadline. In the time since, Plaintiff has filed the following documents: (1) a "consent to judge jurisdiction," ECF No. 31;[1] (2) a case management statement, ECF No. 32; (3) a document captioned "court order proof pleas see United Financial to insurance pages," attaching a large number of documents without any discernable explanation of their relevance, ECF No. 33; (4) a document captioned "Plaintiff Declraration of Tak Lu Ng in support of And motion to continue opposing demurrer the prohibit defendant unjustified motion to dismiss and denied Order to show why cause case should Not be dismissed without leave to amend,and ng request for judicial notice ( Evidence code 425(d)(c)(H). Code Civ. Proc § 473 subd.(b).)," ECF No. 34; (5) a document bearing essentially the same title as that previous filing, but with the sentence "The hearing needs to be continued.memorandum of points and authorities" added to the end of its title, ECF No. 36; (6) a Motion for Leave to Amend, ECF No. 39; and (7) a document captioned "Fraud car accident on 3-2-2021 This is a Fraud-based dispute," ECF No. 40. The Court has reviewed and considered all of those filings.

[1] This document and others also appear to seek Cantonese translation services. The Court does not ordinarily provide interpreters to pro se parties in civil cases. Plaintiff has not cited any legal authority indicating that such an accommodation is warranted here.

United States District Court
Northern District of California

## III. LEGAL STANDARD

A complaint may be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure "based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019) (citation and internal quotation marks omitted). A complaint generally must include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A court reviewing a 12(b)(6) motion must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir. 2007). "Threadbare recitals of the elements of a cause of action . . . do not suffice," however, and a court need not credit "legal conclusions" or "mere conclusory statements." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). The allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must demonstrate "facial plausibility" by pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When the complaint has been filed by a pro se plaintiff, a court must "construe the pleadings liberally and . . . afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted).

If grounds for dismissal are apparent from the face of the complaint, a court may also dismiss the case sua sponte (meaning on the court's own initiative) under Rule 12(b)(6) of the Federal Rules of Civil Procedure, regardless of whether the defendant has moved for dismissal on that basis and regardless of whether a plaintiff is proceeding in forma pauperis. *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987).

A court's review under Rule 12(b)(6) is generally limited to the contents of a complaint, with the exception of materials incorporated by reference in a complaint or materials subject to judicial notice. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018).

As noted in the Order to Show Cause, a stricter pleading standard applies to claims based on fraud. Rule 9(b) of the Federal Rules of Civil Procedure requires that a party alleging fraud

"must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b).

> Rule 9(b) demands that the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong. Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged. A party alleging fraud must set forth more than the neutral facts necessary to identify the transaction.
>
> Rule 9(b) serves three purposes: (1) to provide defendants with adequate notice to allow them to defend the charge and deter plaintiffs from the filing of complaints as a pretext for the discovery of unknown wrongs; (2) to protect those whose reputation would be harmed as a result of being subject to fraud charges; and (3) to prohibit plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis.

*Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124–25 (9th Cir. 2009) (cleaned up).

Complaints that are "highly repetitious, or confused, or consisted of incomprehensible rambling" also violate the federal pleading standard. *Cafasso, United States ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011). Rule 8 of the Federal Rules of Civil Procedure provides that a complaint must present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A court may dismiss an overly convoluted complaint for its failure to meet that requirement. *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) ("Prolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges.") District courts have dismissed complaints that fail to meet the "short and plaint statement" standard for failure to state a claim on which relief may be granted. *E.g.*, *Washington v. Deleon*, No. 19-cv-02271-JCS, 2019 WL 11691426, at *6 (N.D. Cal. May 7, 2019), *recommendation adopted*, 2019 WL 11691197 (N.D. Cal. May 28, 2019).

A court generally should not dismiss a complaint with prejudice under Rule 12(b)(6) unless it is clear the complaint cannot be saved by any amendment. *See United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011). That is particularly true for complaints brought by pro se plaintiffs. *See Franklin v. Murphy*, 745 F.2d 1221, 1235 n.9 (9th Cir. 1984). "[L]eave to amend should be freely granted 'when justice so requires.'" *Lopez v. Smith*, 203 F.3d

1122, 1127 (9th Cir. 2000) (quoting Fed. R. Civ. P. 15(a)). Generally, leave to amend may be denied only if allowing the amendment would unduly prejudice the defendant, cause undue delay, or be futile, or if the plaintiff has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

## IV. ANALYSIS

As noted above, Plaintiff failed to respond to the Order to Show Cause by the July 21, 2026 deadline. Even if the Court considers Plaintiff's various filings since then, they do not show either that his current Complaint is sufficient or that he could amend to state a viable claim.

Throughout Plaintiff's filings, it is often difficult to tell where Plaintiff's arguments end and documents that Plaintiff is quoting begins. For example:

> By this motion, plaintiff Tak lun Ng seek an order from this court compelling defendant united financial casualty company To provide verified responses without objection to for admissions please be advised that I am now the handling adjuster for this loss, please forward all future telephone calls and correspondence to me, also, please note we have appointed the law offices of gilsleider, phan, dwyer & tran to respond to the suit filed by you in relation to the above stated claim, if you have any questions for their firm, please contact christina kim at; ( 925) 445- 3115.

ECF No. 36 at 2–3; *see also* ECF No. 39 at 4 (interspersing some of the same apparently quoted language in Plaintiff's motion for leave to amend).

Other passages are not coherent, like the following:

> Order; the appeal of the plaintiff allow the appeal, and the decided to the of defendant's response to the frivolous motion that order to show cause why case should not be dismissed without leave, therefore; denied lacking evidence and legal basis. Judge is vacated, and the dismissed on 6/24/2026 filed in facts lacking evidence and legal basis, labeled as… until in order to show cause why the case should not be dismissed without leave to amend , the right to exclude
>
> Others are binding, recursive effects. Therefore; denied the court was unable to verify the evidence, as it appeared to be fabricated and based on false, nonsensical claims; consequently , the case was dismissed.

ECF No. 36 at 16.

The Court recognizes that some of Plaintiff's difficulties may relate in part to language barriers. Some of Plaintiff's filings request Cantonese translation services. ECF No. 31 at 1; ECF No. 36 at 16. Unfortunately, "[t]he court is not authorized to appoint interpreters for litigants in

civil cases, and, moreover, has no funds to pay for such a program." *Loyola v. Potter*, No. C 09-0575 PJH, 2009 WL 1033398, at *2 (N.D. Cal. Apr. 16, 2009); *see also, e.g.*, *Ruiz v. Schultz*, No. 2:26-cv-0923-JDP (P), 2026 WL 950589, at *1 (E.D. Cal. Apr. 8, 2026); *Lopez v. Nev. Dep't of Corr.*, No. 3:17-cv-00732-RCJ-WGC, 2019 WL 4450430, at *2 (D. Nev. Sept. 17, 2019).

Whatever the cause, none of Plaintiff's filings cure the defects identified in Defendant's Motion to Dismiss and the Court's Order to Show Cause. Plaintiff has neither stated a claim on which relief may be granted nor provided any indication that he could do so.

"The court considers five factors in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011). Plaintiff's filings demonstrate that leave to amend would be futile. Across many of Plaintiff's filings, he has not been able to provide sufficient factual allegations to state a claim on which relief may be granted, or to provide "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). With respect to the factor of previous amendments, the Court's Order to Show Cause previously granted Plaintiff an opportunity to amend his complaint, ECF No. 26 at 1, 10, but he filed nothing by the deadline to do so, and has not filed an amended complaint since then. The factors of undue delay and prejudice to Defendant weigh in favor of denying leave to amend because Defendant appears to have been embroiled in litigation with Plaintiff and his wife for nearly five years over a 2021 car accident, and again, there is no indication that Plaintiff has or ever had any basis for a meritorious claim. The Court makes no finding of bad faith, but the other relevant factors are still sufficient to deny leave to amend, even applying a permissive standard for a pro se plaintiff.

//

//

//

//

//

//

United States District Court
Northern District of California

Defendants' Motion to Dismiss is therefore GRANTED, Plaintiff's Motion for Leave to Amend is DENIED, and this case is DISMISSED without leave to amend. The Clerk is directed to enter judgment in favor of Defendant and to close the case.

**IT IS SO ORDERED.**

Dated: September 28, 2026

LISA J. CISNEROS
United States Magistrate Judge